Shauck, C. J.
Counsel for the plaintiffs in! error concede that the judgment of the circuit ' court is correct unless the lapsing of the devise to Ludwig Schaefer, in view of his death before the death of the testatrix,- is averted by the provisions of Section 5971, Revised Statutes. The sole object of • the statute was to prevent the lapsing of legacies and devises in the cases to which it applies, a lapse having resulted from the application to such cases of the rules of interpretation which obtained prior to the enactment of the statute. The pertinent provision of the statute is: “When a devise of real or personal estate is made to any child or other relative of the tes *447 tator, if such child or other relative shall have been dead at the time of the making of the will, or shall die thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised in the same manner as the devisee would have done, if he had survived the testator.”
The admitted task of counsel for plaintiffs in error is to sustain the proposition that the word “relative” in the connection in which it occurs in this statute includes relationships which are affinitive merely as well as those which are consanguineous; at least, that within its meaning the husband must be taken to be a relative of his wife. It is said that the word is here used in its ordinary sense and that the' lexicographers present definitions of the word which justify their conclusion. Certainly definitions which would justify either view may be found in the dictionaries. But in the making of laws words which have an established legal meaning are used with reference to that meaning, and a resort to the decisions will do much to remove the doubt in which the subject in hand would be left by the wide diversity of the meanings ■ of the word in popular use. An examination of the cases collected in the briefs and others shows that, the question not being affected by the context or by related provisions, the decisions have- quite uniformly regarded the word in statutes of this character as applying only to those who are related by consanguinity to the testator. Support for the contrary view can not be derived from the statutes entitling the husband to participate in the property ’which had belonged to the deceased wife, for they are prompted solely by a consideration of what is deemed to be due to *448 him; while the present section, in no wise affecting the devisee’s interest in.the subject of the devise, is prompted solely by a consideration of what is deemed to be due to the issue of the devisee surviving the testator.
If the word should be regarded as including the husband there appears to be no principle upon which courts could deny it application to all of his relatives by blood, for the wife’s relationship to them is the same in kind, though different in degree, as to her husband. It is, therefore, with obvious reason that courts have invoked the rule noscitur a sociis as leading to the conclusion that the character of the relationship intended is that of the associated word “child,” that is, a relationship bjr blood. If the word child had been omitted from the statute, the view of plaintiffs’ counsel could have been urged with much greater force. This is not a remedial statute suggestive of aims for whose accomplishment the most comprehensive meanings of its terms should, if necessary, be adopted. It is a statute defining rights in property, and for that purpose introducing a rule which is in direct conflict with that which had previously applied to cases of like character. Its operation should, therefore, be no broader than is justified by the clearly expressed intention of the legislature. Another reason of weight favors the commonly accepted view of the subject. Throughout our statutes of descent and distribution obvious consideration is given to the law of nature by which our highest regard and chief concern are for those who are bound to us by the ties of blood. Devolution of title will be in accordance with that' rule if the word “relative” *449 in this connection is taken in its legal sense, the subject of the devise passing as intestate property, there being no other disposition contingent upon the death of the devisee prior to that of the testator. If the opposite view should be taken the property here in controversy would pass to those for whom the law makes no provision in any contingency. It does not even attach so much importance to a relationship like that of the plaintiffs in error to the testatrix in the present case that it would serve to prevent an escheat to the state in case of her intestacy. The judgment of the circuit court is according to the commonly received view of the subject as well as to the reasons involved.

Judgment affirmed. ■

Price, Crew and Spear, JJ., concur.